IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR PARNELL III, | ) No. C 05-4324 SBA (PR) |
| Petitioner, | ) **ORDER DENYING RESPONDENT'S MOTION TO DISMISS** |
| v. | ) |
| MIKE EVANS, Warden, | ) (Docket no. 14) |
| Respondent. | ) |

Petitioner Arthur Parnell III, filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondent's motion to dismiss the instant petition for a writ of habeas corpus as untimely under 28 U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner opposes the motion.

Having considered all of the papers filed by the parties, the Court DENIES Respondent's motion to dismiss.

## BACKGROUND

An Alameda County jury found Petitioner guilty of first degree murder and arson, with a deadly weapon enhancement. On April 2, 2002, the trial court sentenced Petitioner to state prison for sixty-six years to life.

On May 30, 2003, the California Court of Appeal affirmed his conviction. (Resp't Ex. 1.) On August 13, 2003, the California Supreme Court denied Petitioner's petition for review. (Resp't Ex. 2.)

On October 27, 2003, Petitioner filed his first federal habeas petition in this Court. See Parnell v. Lamarque, Case No. C 03-4801 SBA (PR). On December 22, 2004, the Court dismissed the petition for failure to exhaust state judicial remedies as to one of his claims -- his Fourteenth Amendment claim -- and granted Petitioner leave to file an amended petition within forty-five days of the date of the Order asserting only his exhausted claims. (Dec. 22, 2004 Order at 4.) Otherwise

his failure to file an amended petition within the forty-five day time frame would result in the dismissal of his petition. (Id.) On February 2, 2005, Petitioner withdrew his petition in order to exhaust his state judicial remedies as to his unexhausted Fourteenth Amendment claim. The Clerk thus terminated his first federal action on February 2, 2005.

On May 11, 2005, Petitioner filed a state habeas petition in the Alameda County Superior Court. (Resp't Ex. 3.) The superior court denied the petition on May 13, 2005. (Resp't Exs. 4, 5.)

On June 16, 2005, Petitioner filed a state habeas petition with the California Court of Appeal. (Resp't Ex. 6.) The appellate court denied the petition on July 1, 2005. (Id.)

On July 18, 2005, Petitioner filed a petition for review in the California Supreme Court, seeking review of the appellate court's denial of his habeas petition. (Resp't Ex. 7.) The state supreme court denied the petition for review on September 28, 2005. (Id.)

On October 6, 2005, Petitioner signed his second federal habeas petition, and it was file stamped in this Court on October 25, 2005.

## **DISCUSSION**

The AEDPA, which became law on April 24, 1996, imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court

(Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).

The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the ninety-day period during which a criminal appellant can file a petition for a writ of certiorari from the United States Supreme Court, whether he actually files such a petition or not. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

In the present case, the California Supreme Court denied review on August 13, 2002. The judgment became final for purposes of the statute of limitations ninety days later, on November 11, 2003. See Bowen, 188 F.3d at 1159. The one-year limitations period, therefore, began to run on that date. Accordingly, Petitioner had until November 11, 2004 to file his federal habeas petition. See 28 U.S.C. § 2244(d). Petitioner's first federal petition was timely because it was filed on October 27, 2003, before the limitations period expired. However, his second federal habeas petition filed on October 6, 2005,[1] almost one year after the limitations period had expired, is untimely absent tolling.

## I.   **Statutory Tolling**

The petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time. AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)). In Carey v. Saffold, 536 U.S. 214, 223 (2002), the Supreme Court held that the limitations period is also tolled

---

[1] A pro se federal habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for mailing, rather than the date it is received by the courts). October 6, 2005 is the date the instant petition was signed and the earliest date that the petition could have been delivered to prison authorities for mailing. The Court assumes for the purposes of this discussion that the petition was delivered to prison authorities on that date.

during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. In California, where prisoners generally use the State's "'original writ' system," this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of a further original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court. See id. at 220-25.[2]

In the present case, Petitioner's state habeas petition was deemed filed on May 6, 2005,[3] which was almost two years after the California Supreme Court denied his petition for review on direct appeal. It also was about six months after the November 11, 2004 deadline for filing his federal habeas corpus petition. Because the state habeas petition was filed after the one-year statute of limitations had expired, the time it was pending in state court cannot serve to toll the statute. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

That Petitioner filed a previous federal habeas action in this Court does not compel a different result. It is well-established that an application for federal habeas review is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2). Duncan v. Walker, 533 U.S. 167, 180-81 (2001). Therefore, Petitioner is not entitled to statutory tolling of the limitations period during the time frame Petitioner's first federal habeas action was pending in this Court.[4]

---

[2] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. Nino v. Galaza, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeal. Id. If the court of appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. Id. at 1006 n.3.

[3] May 6, 2005 is the date Petitioner's state habeas petition was signed and the earliest date that the petition could have been delivered to prison authorities for mailing; therefore, it will be deemed filed on that date. See Saffold, 250 F.3d at 1268

[4] The Court also finds that Petitioner's second federal habeas petition does not relate back to his first federal habeas action, which was dismissed as unexhausted and subsequently withdrawn by Petitioner. See Rasberry v. Garcia, 448 F.3d 1150, 1155 (9th Cir. 2006) (petition that has been

4

Accordingly, statutory tolling is not sufficient to overcome the time bar to Petitioner's second federal habeas petition.

## II. **Equitable Tolling**

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. Beeler, 128 F.3d at 1288. Equitable tolling is unavailable in most cases, because it is applied only if "extraordinary circumstances beyond [a] prisoner's control make it impossible to file a petition on time." Id. (citation and internal quotation marks omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). The petitioner must show that the "extraordinary circumstances" were the cause of his untimeliness. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). The petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). The threshold to meet the burden for equitable tolling under AEDPA is a high one. Id. at 1066.

Petitioner claims that he is entitled to equitable tolling of the time frame that his first federal habeas action was pending in this Court. (Opp'n at 2-4.) He claims that he filed his first federal petition "almost two in [sic] a half weeks before Petitioner's actual year would have started." (Id. at 1.) He "then followed the Court's instructions and choose [sic] to withdraw his petition so as to exhaust any issues that were unexhausted." (Id.) He claims that he "didn't find out about the granting of his withdrawl [sic] motion until April 2005."[5] (Id.) He then filed his state habeas petition on May 11, 2005, and exhausted his unexhausted claim as previously mentioned. Petitioner

---

dismissed without prejudice no longer pending within meaning of relation-back doctrine); see also Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000) (relation-back doctrine inapplicable when initial habeas petition was dismissed because there is no pleading to which to relate back); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (holding that habeas petition filed after previous petition has been dismissed without prejudice for failure to exhaust state remedies does not relate back to earlier petition).

[5] The record shows that Petitioner sent a letter to the Court on April 29, 2005 asking about the status of his case.

adds that he "always made it a point to diligently seek redress in the courts."  (Id. at 3.)

Although directed to do so, Respondent did not file a reply to Petitioner's opposition.  As such, Respondent has not addressed whether Petitioner is entitled to equitable tolling based on the aforementioned reason.  Accordingly, the Court DENIES Respondent's motion to dismiss without prejudice to renewing the motion and addressing the issues of equitable tolling raised in Petitioner's opposition.

## **CONCLUSION**

For the foregoing reasons,

1.     Respondent's motion to dismiss the petition as untimely (docket no. 14) is DENIED without prejudice to renewing the motion and addressing the issues set forth above no later that **sixty (60) days** of the date of this Order.  If Respondent chooses to file a renewed motion, Petitioner shall file an opposition, no later than **thirty (30) days** of his receipt of the renewed motion, and Respondent shall file with the Court and serve on Petitioner a reply no later than **fifteen (15) days** of receipt of any opposition.

2.     Should Respondent fail to file a renewed motion to dismiss within the sixty-day time frame, Respondent is directed to SHOW CAUSE why the petition should not be granted.  Respondent shall file with this Court and serve upon Petitioner, no later than **sixty (60) days** of the date of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the Answer a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent no later than **forty-five (45) days** of his receipt of the Answer.  Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **forty-five (45) days** after the date Petitioner is served with Respondent's Answer.

3.     It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the court informed of any change of address by filing a separate paper with the Clerk of the Court headed

6

"NOTICE OF CHANGE OF ADDRESS," and comply with any orders of the Court within the time allowed or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

4.      Petitioner is reminded that all communications with the Court, whether by way of formal legal motions or informal letters, must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

5.      Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

6.      This Order terminates Docket no. 14.

IT IS SO ORDERED.

DATED: March 31, 2008                              *Saundra B Armstrong*
                                                   SAUNDRA BROWN ARMSTRONG
                                                   United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

PARNELL,

        Plaintiff,

  v.

EVANS et al,

        Defendant.
                                           /

Case Number: CV05-04324 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Arthur Parnell T50222
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dated: April 2, 2008

                                      Richard W. Wieking, Clerk
                                      By: LISA R CLARK, Deputy Clerk