1

2

3

4

IN THE UNITED STATES DISTRICT COURT

5

FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

| | | |
|---|---|---|
| ARTHUR PARNELL, III, | ) | No. C 05-4324 SBA (PR) |
| | ) | |
| Petitioner, | ) | **ORDER GRANTING RESPONDENT'S** |
| | ) | **RENEWED MOTION TO DISMISS** |
| v. | ) | **PETITION AS UNTIMELY** |
| | ) | |
| MIKE EVANS, Warden, | ) | |
| | ) | (Docket no. 19) |
| Respondent. | ) | |
| _____ | ) | |

12

        Petitioner Arthur Parnell, III filed the instant <u>pro se</u> petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.

        Before the Court is Respondent's renewed motion to dismiss the petition as untimely under

28 U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty

Act of 1996 (AEDPA).  Petitioner has filed an opposition, and Respondent has filed a reply.

        Having considered all of the papers filed by the parties, the Court GRANTS Respondent's

renewed motion to dismiss.

<div align="center"><b><u>BACKGROUND</u></b></div>

        As discussed in the Court's March 31, 2008 Order denying Respondent's previously filed

motion to dismiss, the following procedural background is undisputed:

                An Alameda County jury found Petitioner guilty of first degree murder and
        arson, with a deadly weapon enhancement.  On April 2, 2002, the trial court
        sentenced Petitioner to state prison for sixty-six years to life.

                On May 30, 2003, the California Court of Appeal affirmed his conviction.
        (Resp't Ex. 1.)  On August 13, 2003, the California Supreme Court denied
        Petitioner's petition for review.  (Resp't Ex. 2.)

                On October 27, 2003, Petitioner filed his first federal habeas petition in this
        Court.  <u>See</u> <u>Parnell v. Lamarque</u>, Case No. C 03-4801 SBA (PR).  On December 22,
        2004, the Court dismissed the petition for failure to exhaust state judicial remedies

<div style="transform: rotate(-90deg)"><b>United States District Court</b><br>For the Northern District of California</div>

United States District Court
For the Northern District of California

as to one of his claims -- his Fourteenth Amendment claim -- and granted Petitioner leave to file an amended petition within forty-five days of the date of the Order asserting only his exhausted claims.  (Dec. 22, 2004 Order at 4.)  Otherwise his failure to file an amended petition within the forty-five day time frame would result in the dismissal of his petition.  (Id.)  On February 2, 2005, Petitioner withdrew his petition in order to exhaust his state judicial remedies as to his unexhausted Fourteenth Amendment claim.  The Clerk thus terminated his first federal action on February 2, 2005.

On May 11, 2005, Petitioner filed a state habeas petition in the Alameda County Superior Court.  (Resp't Ex. 3.)  The superior court denied the petition on May 13, 2005.  (Resp't Exs. 4, 5.)

On June 16, 2005, Petitioner filed a state habeas petition with the California Court of Appeal.  (Resp't Ex. 6.)  The appellate court denied the petition on July 1, 2005.  (Id.)

On July 18, 2005, Petitioner filed a petition for review in the California Supreme Court, seeking review of the appellate court's denial of his habeas petition.  (Resp't Ex. 7.)  The state supreme court denied the petition for review on September 28, 2005.  (Id.)

On October 6, 2005, Petitioner signed his second federal habeas petition, and it was file stamped in this Court on October 25, 2005.

(Mar. 31, 2008 Order at 1-2.)

On March 28, 2007, Respondent filed a motion to dismiss the petition as untimely.  On April 17, 2007, Petitioner filed an opposition.  Respondent did not file a reply.

In its March 31, 2008 Order, the Court determined that statutory tolling was insufficient to overcome the time bar to Petitioner's second federal habeas petition.  (Mar. 31, 2008 Order at 4-5.)  The Court also found that Petitioner's second federal habeas petition did not relate back to his first federal habeas petition.  (Id. at 4 n.4 (citing Rasberry v. Garcia, 448 F.3d 1150, 1155 (9th Cir. 2006) (petition that has been dismissed without prejudice is no longer pending within meaning of relation-back doctrine)).)  The Court, however, noted that Petitioner had raised equitable tolling in his opposition filed on April 17, 2007, stating that:

Petitioner claims that he is entitled to equitable tolling of the time frame that his first federal habeas action was pending in this Court.  (Opp'n at 2-4.)  He claims that he filed his first federal petition "almost two in [sic] a half weeks before Petitioner's actual year would have started."  (Id. at 1.)  He "then followed the Court's instructions and choose [sic] to withdraw his petition so as to exhaust any issues that were unexhausted."  (Id.)  He claims that he "didn't find out about the

2

United States District Court
For the Northern District of California

1

granting of his withdrawl [sic] motion until April 2005."[1]  (Id.)  He then filed his state habeas petition on May 11, 2005, and exhausted his unexhausted claim as previously mentioned.  Petitioner adds that he "always made it a point to diligently seek redress in the courts."  (Id. at 3.)

(Mar. 31, 2008 Order at 5-6 (footnote in original).)  Because Respondent did not file a reply, the Court denied the motion to dismiss without prejudice to renewing the motion and addressing the issues of equitable tolling raised in Petitioner's opposition.  (Id. at 6.)

On May 19, 2008, Respondent filed a renewed motion to dismiss the petition as untimely. On July 1, 2008, Petitioner filed an opposition.  On July 3, 2008, Respondent filed a reply.  On July 22, 2008, Petitioner filed a response to the reply.

**DISCUSSION**

The AEDPA, which became law on April 24, 1996, imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d)(1).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end.  See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds, Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).  The one-year period may start running from the expiration of the time for seeking direct review.  See 28 U.S.C. § 2244(d)(1)(A).

_____

[1]  The record shows that Petitioner sent a letter to the Court on April 29, 2005 asking about the status of his case.

3

1    The petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C.

2  § 2244(d)(2) for a substantial period of time.  AEDPA's one-year limitations period is tolled under

3  § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or

4  other collateral review [with respect to the pertinent judgment or claim] is pending.'"  Dictado v.

5  Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)), abrogated on other

6  grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).  "Direct review" includes the ninety-day

7  period during which a criminal appellant can file a petition for a writ of certiorari from the United

8  States Supreme Court, whether he actually files such a petition or not.  Bowen v. Roe, 188 F.3d

9  1157, 1159 (9th Cir. 1999).  The one-year limitations period can also be equitably tolled because

10  § 2244(d) is a statute of limitations and not a jurisdictional bar.  Beeler, 128 F.3d at 1288.

11    In the present case, the California Supreme Court denied review on August 13, 2002.  The

12  judgment became final for purposes of the statute of limitations ninety days later, on November 11,

13  2003.  See Bowen, 188 F.3d at 1159.  The one-year limitations period, therefore, began to run on

14  that date.  Accordingly, Petitioner had until November 11, 2004 to file his federal habeas petition.

15  See 28 U.S.C. § 2244(d).  Petitioner's first federal habeas petition was timely because it was filed on

16  October 27, 2003, before the limitations period expired.  However, Petitioner withdrew his first

17  federal habeas petition in order to exhaust his Fourteenth Amendment claim in state court.

18  Petitioner's second federal habeas petition filed on October 6, 2005,[2] almost one year after the

19  limitations period had expired, is untimely absent tolling.

20    As mentioned above, the Court has already determined that statutory tolling was insufficient

21  to overcome the time bar for his second federal habeas petition.  Therefore, the Court must

22

23  ───────────────

24    [2]  A pro se federal habeas petition is deemed filed on the date it is delivered to prison

25  authorities for mailing.  See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and
remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a federal or state

26  habeas petition is deemed filed on the date the prisoner submits it to prison authorities for mailing,
rather than the date it is received by the courts).  October 6, 2005 is the date the instant petition was

27  signed and the earliest date that the petition could have been delivered to prison authorities for

28  mailing.  The Court assumes for the purposes of this discussion that the petition was delivered to
prison authorities on that date.

4

1   determine whether Petitioner is entitled to equitable tolling of the limitations period.  "When

2   external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely

3   claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d

4   1104, 1107 (9th Cir. 1999).  Equitable tolling will not be available in most cases because extensions

5   of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it

6   impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation and internal quotation

7   marks omitted).  The prisoner must show that "the 'extraordinary circumstances' were the cause of

8   his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).  The

9   petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him.

10  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

11       The Court first addresses Petitioner's claim that he is entitled to equitable tolling of the time

12  frame that his first federal habeas action was pending in this Court.  (Apr. 17, 2007 Opp'n at 2-4.)

13  Respondent argues that because the limitations period expired on November 11, 2004, Petitioner

14  actually had a total of fifteen months after the California Supreme Court denied his petition for

15  review on August 13, 2003 to file a timely habeas corpus petition in federal court.  Therefore,

16  Respondent claims that Petitioner "had plenty of time to exhaust his state court remedies before

17  proceeding to federal court."  (Renewed Mot. to Dismiss at 4.)  Instead, Respondent points out that

18  Petitioner chose to go directly to federal court when he filed his first federal habeas petition on

19  October 27, 2003.  The Court finds that nothing prevented Petitioner from first seeking redress in the

20  state courts before proceeding to federal court.  Any claim of ignorance of the exhaustion

21  requirement, statute of limitations, or statutory tolling rules does not constitute an extraordinary

22  circumstance warranting equitable tolling.  See Rasberry, 448 F.3d at 1154 (holding that a pro se

23  petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting

24  equitable tolling).

25       Further, nothing prevented Petitioner from amending his first federal habeas petition in order

26  to proceed on his exhausted claims or from seeking a stay while he exhausted his unexhausted

27  claims.  Petitioner claims that he was merely following the Court's instructions to withdraw his

28

United States District Court
For the Northern District of California

5

**United States District Court**
For the Northern District of California

petition as was stated in its December 22, 2004 Order in Case No. C 03-4801 SBA (PR).  (Apr. 17, 2007 Opp'n at 1; July 1, 2008 Opp'n at 4-5.)  However, this argument is unavailing.  Although the Court did note that Petitioner could avoid the "second or successive petition" rule by withdrawing his petition and returning to federal court after exhausting his claim in state court, the Court did not comment on whether the second petition would be considered timely if he followed this course of action.  (Dec. 22, 2004 Order in Case No. C 03-4801 SBA (PR) at 2-3.)  Citing Ford v. Hubbard, 330 F.3d 1086, 1097 (9th Cir. 2003), Petitioner contends that this Court was required to advise him that absent equitable tolling, his federal claims would be time-barred on his return to federal court.  (Apr. 17, 2007 Opp'n at 3-4.)  However, Ford v. Hubbard was overruled by Pliler v. Ford, 542 U.S. 225, 231 (2004), in which the Supreme Court held that such an advisement is not required.  Because this Court's December 22, 2004 Order in Case No. C 03-4801 SBA (PR) was not affirmatively misleading, Petitioner cannot rely on it to support his claim of equitable tolling.  See Brambles v. Duncan, 412 F.3d 1066, 1070-1071 (9th Cir. 2005) (District court's instructions to petitioner to choose between two alternatives -- dismiss his unexhausted claims and proceed in federal court only with his then-exhausted claim, or request the district court to dismiss the entire petition without prejudice and exhaust his then-unexhausted claims in state court before returning to federal court -- were not affirmatively misleading.).

Petitioner's claim of delay in receiving notice of the Court's February 2, 2005 termination of his first federal action could not have prevented him from timely filing his second federal habeas petition.  The record shows that Petitioner withdrew his first federal habeas petition on February 2, 2005.  He alleges that he did not receive notice that the Court terminated his first federal habeas petition until April, 2005.  He claims he then acted diligently to exhaust his Fourteenth Amendment claim by filing his state habeas petition in the state superior court on May 11, 2005.  However, the Court finds that Petitioner did not act diligently to pursue his claim because the statute of limitations had already run on November 11, 2004, three months before he elected to withdraw his first federal habeas petition.  Petitioner claims he was "unaware that the sole 14th Amendment issue hadn't been exhausted."  (July 1, 2008 Opp'n at 4.)  He further claims that he was represented by counsel on his

United States District Court

For the Northern District of California

direct appeal and "had every reason to believe all [his] issues had been exhausted by a legal professional." (Resp. to Reply at 1.) However, as mentioned above, ignorance of the law and lack of legal experience typically do not excuse untimely filing, even for a pro se incarcerated prisoner. Rasberry, 448 F.3d at 1153. Furthermore, Petitioner claims that Respondent's previously filed motion to dismiss "first alerted [him] that he might have unexhausted issues." (July 1, 2008 Opp'n at 3.) He claims to have received that motion to dismiss on April 21, 2004. (Id.) The Court notes that Petitioner had until November 11, 2004 to file his federal habeas petition; therefore, the limitations period had not yet expired when he allegedly discovered that he had unexhausted claims. Petitioner had a little more than six months to pursue his state court remedies as to the unexhausted issues in his federal petition. Instead, it took him about a year to begin exhausting his Fourteenth Amendment claim by filing his state habeas petition in the state superior court on May 11, 2005. Again, Petitioner attributes his delay to that fact that he was awaiting the Court's instructions because "the Court had yet to tell Petitioner that his [first federal] habeas [petition] was dismissed." (Id. at 4.) However, the Court has already determined above that nothing prevented Petitioner from first seeking redress in the state courts before proceeding to federal court. Similarly, nothing prevented Petitioner from exhausting his claims in state court while his first federal habeas petition was pending. Therefore, the Court finds that Petitioner's belated attempts to exhaust his Fourteenth Amendment claim in state court -- after the limitations period had already expired -- do not illustrate diligence on his part.

Finally, Petitioner claims that because of his "lack of legal knowledge," the alternatives in the Court's December 22, 2004 Order in Case No. C 03-4801 SBA (PR) "confused Petitioner" and caused him to withdraw his first federal habeas petition instead of seeking a stay. (July 1, 2008 Opp'n at 6.) He even claims that he "was led to believe that a stay wouldn't be granted." (Id.) The Court finds that Petitioner's alleged layman status does not amount to extraordinary circumstances. See Rasberry, 448 F.3d at 1154; Cantu-Tzin v. Johnson, 162 F.3d 295, 299-300 (5th Cir. 1998) (pro se status during state habeas proceedings did not justify equitable tolling).

In sum, Petitioner alleges no "extraordinary circumstance" that impeded the timely filing of his second federal habeas petition.  See Beeler, 128 F.3d at 1289.  Unfortunately for Petitioner, it was his delay in pursuing his state court remedies, rather than any extraordinary circumstances, that led him to exceed the limitations period.  The Court concludes that Petitioner has not shown "that this extraordinary exclusion should apply to him."  Miranda, 292 F.3d at 1065.  Therefore, Petitioner is not entitled to equitable tolling; therefore, his second federal habeas petition is untimely.

Accordingly, Respondent's renewed motion to dismiss is GRANTED.

### CONCLUSION

For the foregoing reasons, Respondent's renewed motion to dismiss the petition as untimely (docket no. 19) is GRANTED.  The petition hereby is DISMISSED with prejudice.

The Clerk shall terminate all pending motions, enter judgment, and close the file.

This Order terminates Docket no 19.

IT IS SO ORDERED.

DATED: 3/13/09

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

**United States District Court**
For the Northern District of California

1  FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

3

4  PARNELL,
                                                    Case Number: CV05-04324 SBA
5             Plaintiff,
                                                    **CERTIFICATE OF SERVICE**
6     v.

7
   EVANS et al,
8

9             Defendant.
   _____/

10

11  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
12  Court, Northern District of California.

13  That on March 16, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said
    copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
14  envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
    located in the Clerk's office.
15

16

17

18  Arthur  Parnell T50222
    Salinas Valley State Prison
19  P.O. Box 1050
    Soledad,  CA 93960-1050
20

21

22  Dated: March 16, 2009

                                         Richard W. Wieking, Clerk
23                                       By: LISA R CLARK, Deputy Clerk

24

25

26

27

28

   P:\PRO-SE\SBA\HC.05\Parnell4324.grantRENEWED-MTD(sol).frm      9